UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

ANDREA HAGER
681 Old Kirk-Axtel Road
Hardinsburg, Kentucky 40143-6614
        Plaintiff

Case Number: 3:20-cv-233-CHB

**VERIFIED COMPLAINT**

vs.

WAL-MART STORES, INC.'S ASSOCIATES' HEALTH AND WELFARE PLAN
Serve:        Wal-Mart, Inc., a DE corporation, f/d/b/a Wal-Mart Stores, Inc.
              702 SW 8th Street
              Bentonville, Arkansas 72716
Serve in care of:     CT Corporation System
                      306 W Main ST STE 512
                      Frankfort, Kentucky 40601

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON as Plan Administrator of the
WAL-MART STORES, INC.'S ASSOCIATES' HEALTH AND WELFARE PLAN
175 Berkeley Street
Boston, Massachusetts 02116
Serve in care of:     Corporation Service Company
                      421 West Main Street
                      Frankfort, Kentucky 40601
        Defendants

* * * * *

Comes the plaintiff, Andrea Hager, individually after first being duly sworn, and by counsel, and for her cause of action against the defendant, Wal-Mart Stores, Inc.'s Associates' Health and Welfare Plan and Liberty Life Assurance Company of Boston, states as follows:

JURISDICTION AND VENUE

1.      This Court has jurisdiction of this civil action pursuant to 29 U.S.C. Sec. 1132(e)(1) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sec. 1001, et. seq. ("ERISA"), in that it involves claims relating to and in

connection with employee benefit plans established or maintained by an employer and governed by ERISA.

2.      Venue is proper in this Court pursuant to 29 U.S.C. Sec. 1132(e)(2) in that this ERISA action is brought in the judicial district wherein some or all defendants maintain a substantial presence.

3.      This is an action to recover benefits under employee benefit plans, programs and arrangements; for restitution for the value of lost benefits; and for other appropriate relief brought under the provisions of ERISA, 29 U.S.C. Sec. 1132(a)(1)(B).

4.      The plaintiff is a resident of Hardinsburg, Breckinridge County, Kentucky.

5.      Upon information and belief, the plaintiff, at all times relevant hereto, was an employee of Wal-Mart Stores, Inc. which corporate entity is now known as Wal-Mart, Inc. ("Wal-Mart").   Wal-Mart provided to its employees, including the plaintiff, and/or gave its employees the opportunity to purchase, certain benefits.

6.      Some or all of Wal-Mart's plans are employee benefit plans under ERISA. The defendant, Wal-Mart, maintains a substantial presence in Jefferson County, Kentucky where the plaintiff worked.   Wal-Mart promised, at all relevant times, to provide benefits under the plan to employees of Wal-Mart, which conducted substantial business in Jefferson County, Kentucky.   Certain benefits alleged by the plaintiff to be denied are provided to Wal-Mart employees as the policyholder and issued through defendant Liberty Life Assurance Co. of Boston ("Liberty").

7.      Wal-Mart maintains or sponsor employee benefit plans, programs, and arrangements in which employees of Wal-Mart are and were eligible to participate, specifically including a long-term disability policy.

8.     Defendant Liberty is believed to be the Plan Administrator of the LTD plan covering the plaintiff and is the fiduciary of some or all of the Wal-Mart ERISA Plan(s), in particular the plan covering the plaintiff, Andrea Hager.

FACTS

10.     The plaintiff worked as an employee of defendant Wal-Mart in Jefferson County, Kentucky prior to becoming disabled.   The plaintiff's work was classified as Assistant Store Manager.   She participated in Wal-Mart's employee benefit plans and arrangements and received benefits made available to the employees of Wal-Mart generally during her employment.

11.     As part of Wal-Mart's employee benefits, Wal-Mart made long-term disability insurance coverage available to its employees under the defendant plan.

12.     The plaintiff worked for defendant Wal-Mart until August 16, 2015, at which time she claimed total disability and took a leave of absence on the advice of her physician(s), as plaintiff was advised by her physician(s) that she could not return to work because she suffered from severe, debilitating depression after the death of her husband.  In addition, the plaintiff also suffered from the lingering effects of fibromyalgia. The plaintiff last worked at Wal-Mart on or about August 16, 2015.

13.     Thereafter, the plaintiff was unable to return to the workplace. Accordingly, she applied with defendant Liberty for disability benefits.  Liberty accepted this application and awarded the plaintiff long-term disability benefits beginning November 15, 2015.  However, on March 17, 2016, Liberty terminated her benefits beyond March 17, 2016.  (See *Exhibit 1*.)

14.     Thereafter, the plaintiff timely appealed this determination.  On September 21, 2016, Liberty **suspended** plaintiffs' benefits effective October 17, 2016; then, after obtaining more medical information, on November 3, 2016, Liberty reinstated plaintiff's benefits dating back to October 17, 2016.

15.     However, Liberty subsequently decided on November 11, 2016 that benefits were not payable beyond November 11, 2016. (see *Exhibit 2*).

16.     Plaintiff again submitted a timely appeal of this determination on May 10, 2017 and, on July 28, 2017, Liberty, as Plan Administrator, made its final determination, maintaining its decision to denial the plaintiff long-term disability benefits beyond November 11, 2016 (see *Exhibit 3*).

17.     The plaintiff suffers from depression and fibromyalgia, among other morbidities.  The plaintiff has been continued on anti-depressants and continues to treat as needed since her health care benefits were exhausted.

18.     The defendant Plan defines "disability" or "disabled" for the time period in question to mean:

"For persons other than pilots, co-pilots, and crewmembers of an aircraft:

i.      that during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

ii.     thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

'Own Occupation' means the Covered Person's occupation that he was performing when his Disability or Partial Disability began.  For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is performed at Wal-Mart Stores, Inc."

19.   The plaintiff's job with Wal-Mart required her to interact with customers and fellow employees.  The plaintiff's fibromyalgia is often so severe she cannot get out of bed and combined with her depression prohibits her from doing these things, as she often breaks down crying uncontrollably for no apparent reason.

20.   Accordingly, the plaintiff's condition meets the disability criteria as defined by defendants.

21.   Defendant Liberty's denial of plaintiff's entitlement is arbitrary and capricious.  At no time has Liberty articulated a rational or sound basis for its denial of plaintiff's claim.  Liberty's decision to deny LTD benefits to the plaintiff has served to breach the fiduciary duty it owes to the Plan participants generally and the plaintiff specifically.

22.   As a result, the plaintiff has suffered damages including loss of past and future retirement benefits, lost wages and a loss of other benefits, including disability payments available to the plaintiff from her employment benefits.

23.   In February 2016, the plaintiff was awarded Social Security Disability benefits arising out of the medical and psychological conditions set forth herein.

## CLAIM FOR RELIEF

### COUNT I
### Claim for ERISA Benefits

24.     The plaintiff reiterates and realleges all of the allegations contained in paragraphs one through 23 above, except where in conflict or contrast to the allegations made herein.

25.     Pursuant to ERISA, the plaintiff is entitled to benefits under those plans, programs, and arrangements established or maintained by Wal-Mart, including the defendant Plan, and administered by defendant Liberty from November 15, 2015 through present date and thereafter, in which the plaintiff would have been entitled to participate and would have received benefits had Liberty appropriately approved her claim.

26.     As a direct and proximate result of the actions of the defendants in denying plaintiff's claim for long-term disability, the plaintiff has lost benefits under the defendant(s)' Plan in an amount not yet known in full by the plaintiff at this time.

WHEREFORE, the plaintiff, Andrea Hager, respectfully requests this Court to enter a final judgment against the defendants as follows:

(1)     For declaratory judgment against the defendants on plaintiff's claims for benefits under the defendant Plan, and for interference with protected rights, and any and all relief to which the plaintiff may be entitled under the provisions of ERISA with respect to the defendant Plan governed by ERISA, and under the provisions of state law with respect to the defendant Plan not governed by ERISA, including vesting and

calculation of benefits under the defendant Plan based on her service with the defendant company, Wal-Mart;

(2)    Interest on all amounts wrongfully denied to the plaintiff;

(3)    The costs and the reasonable attorney fees the plaintiff expends in this action; and

(4)    Any and all other relief to which she may appear entitled.

_____
J. GREGORY JOYNER, PLLC
JOYNER LAW OFFICES
2300 Hurstbourne Village Drive STE # 700
Louisville, Kentucky 40299
(502) 491-7551; fax: (502) 491-7558
greg@joynerlawoffices.com
faline@joynerlawoffices.com
COUNSEL FOR PLAINTIFF

I hereby acknowledge that I have read the foregoing and that the allegations contained herein are true to my best knowledge and belief.

_____
ANDREA HAGER

STATE OF KENTUCKY      )
                       ) SS:
COUNTY OF JEFFERSON)

Subscribed, sworn and acknowledged before me by ANDREA HAGER on this the 9th day of January, 2020

My commission expires 10/4/2022. Notary ID: 608001

_____
NOTARY PUBLIC, STATE-AT-LARGE, KY

8